## COX vs. *WELLS & AL.*

Return of the sheriff, that he served *petition* and *citation*, is sufficient to shew he served it in both languages. It does not vitiate the *venire* that three of the persons drawn cannot be summoned.

APPEAL from the court of the sixth district.

PORTER, J. delivered the opinion of the court. This action was commenced on a promissory note, executed by the defendants, in favor of one John Botts, by whom it was regularly endorsed to the plaintiff.

The defendants pleaded in abatement, that a copy of the petition was not served on them in the French language; and this plea being over-ruled, they put in an answer to the merits.

It appears to us the court did not err in the decision made by it on the plea in abatement. The return of the sheriff shews that *he served the petition and citation* on the defendants. It was unnecessary he should state this service was made in both languages, since that fact was implied by the words used in the return; for unless

served in that manner, there was no service, i. e. no legal service. This case cannot be distinguished from that of *Fleming* vs. *Conrad*, 11 *Martin*, 301.

The defendants in their answer prayed for a jury, and on the cause being called for trial, they challenged the array, on the ground that only 45 persons had been summoned for the term. The district judge refused to sustain this exception, because it appeared the regular number of 48 had been drawn, and that the failure in summoning three of them, arose from one being dead, and the other two absent from the parish. In this opinion we also concur. The law imperatively requires that forty-eight persons at least, should be drawn and put on the venire, and this injunction must be strictly pursued; for such is the direction of the statute —and there is no impossibility of yielding an obedience to it, nor indeed any difficulty in carrying it into execution. So, too, the forty-eight individuals thus selected, ought and must be summoned, if they can be found within the county; but if they cannot. there is no fault in the officers, and the venire is not vitiated. The construction contended for, would enable any of the persons put on the pannel, who chose to

West'n District, abscond or conceal himself, to stop the admin-
Sept. 1824.     istration of justice.   *Lex neminem cogit ad vana,*
Cox             *seu impossibilia.*   The legislature, by providing
*vs.*           a means for supplying the deficiency thus cre-
WELLS & AL.     ated, have most clearly intimated, that those of
the original venire, who do attend at the term
of the court to which they are summoned, are
good and lawful jurors.   "Where from chal-
lenges *or otherwise*, there shall not be a jury to
determine any civil or criminal cause, the she-
riff or his deputy shall, by order of the court,
when such defect of jurors shall happen, return
others, *de talibus circumstantibus*, sufficient to
complete the pannel.   2 *Martin's Dig.* 200.

It is therefore ordered, adjudged and de-
creed, that the judgment of the district court be
affirmed with costs.

*Baldwin* for the plaintiff, *Oakley* for the defen-
dants.